```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

ANTHONY M. LANZETTA,

          Plaintiff,

vs.   Case No. 2:13-cv-276-FtM-29DNF

MONICA M. WOODMANSEE, CFCA, Records Management Liason Officer; and KIM JONES, C.F.C.A., Chief Deputy Tax Collector,

          Defendants.

_____

## **OPINION AND ORDER**

This matter comes before the Court on a jurisdictional review of the Violation Warning Denial of Rights Under Color of Law forms (Doc. #1) filed by *pro se* plaintiff against each of the two named defendants and construed as a "Complaint" for filing purposes. Federal courts are courts of limited jurisdiction, and the court is required to inquire into its jurisdiction at the earliest possible point in the proceeding. Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

The forms provide "Legal Notice and Warning" that the "Notice Recipient" can be arrested for a crime that violates the rights of a citizen under the color of law by requiring action by law when it is not required by law. The forms reference the same three statutes (18 U.S.C. § 242; 18 U.S.C. § 245; 42 U.S.C. § 1983), have

the same second page of factual allegations, and were filed collectively as a "Complaint" by the Clerk of Court. Sections 242 and 245 are under Title 18 of the United States Code and are the criminal counterpart to the third referenced statute, Section 1983 under Title 42 of the United States Code. Madiwale v. Savaiko, 117 F.3d 1321, 1324 n.1 (11th Cir. 1997).

"Generally, a private citizen has no authority to initiate a federal criminal prosecution. [ ] Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)(citations omitted). The "Complaint" does not reflect that plaintiff is subject to prosecution or that plaintiff has "a judicially cognizable interest in the prosecution or nonprosecution of another," Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973). Therefore, plaintiff has no authority to bring a criminal complaint for the prosecution of another. Additionally, to the extent that plaintiff is seeking intervention, the Court cannot direct or compel the federal prosecution of a case. Smith v. United States, 375 F.2d 243, 247 (5th Cir. 1967)("The discretion of the Attorney General in choosing whether to prosecute or not to prosecute, or to abandon a prosecution already started, is absolute."); United States v. Cox, 342 F.2d 167, 171 (5th Cir. 1965)("Although as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government, and it is

as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case."). Therefore no basis for subject-matter jurisdiction has been articulated under 18 U.S.C. § 242 or 18 U.S.C. § 245.

To the extent that plaintiff wishes to assert a civil rights action against defendant under 42 U.S.C. § 1983, he may do so with a properly filed Complaint. To establish a claim under § 1983, plaintiff must prove that (1) defendant deprived her of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In his factual allegations, plaintiff asserts a violation of his 4th Amendment rights, Public Law 93-579, and the Privacy Act of 1974 by state actors.

The Fourth Amendment of the United States Constitution, by and through the Fourteen Amendment, prohibits unreasonable searches and seizures by civil government authorities, New Jersey v. T.L.O., 469 U.S. 325, 335 (1985), and can provide a basis to state a claim under Section 1983, West v. Atkins, 487 U.S. 42, 48 (1988).

An individual may also pursue enforcement of his privacy rights under Section 7 of the Privacy Act pursuant to Section 1983. Schwier v. Cox, 340 F.3d 1284, 1292 (11th Cir. 2003). Under

Section 7(A), it is unlawful for any <u>agency</u> to deny an "individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number." Pub. L. No. 93-579, § 7, 88 Stat 1896 (1974). Under Section 7(B), an exception exists if the <u>agency</u> requests disclosure of a social security account number and informs the individual whether the disclosure is mandatory or voluntary, the authority for soliciting the number, and what uses will be made of it. <u>Id.</u> An "agency" means "each authority of the Government of the United States, whether or not it is within or subject to review by another agency." 5 U.S.C.A. § 551(1). Unlike Section 3, "[b]y its express terms, § 7 applies to federal, state, and local agencies." <u>Gonzalez v. Vill. of W. Milwaukee</u>, 671 F.3d 649, 662 (7th Cir. 2012), <u>reh'g denied</u> (Feb. 14, 2012).

Currently, plaintiff's factual allegations are that he was asked to surrender his Birth Certificate, Utility Bill, and W2, which may or may not contain plaintiff's social security number, and that he was denied renewal of his driver's license when he failed to surrender the documents. To the extent plaintiff may be able to state a claim under Section 1983, he will be provided an opportunity to amend his "Complaint."

As plaintiff is proceeding *pro se* or unrepresented, the Court will take this opportunity to provide some guidance on filing a Complaint in compliance with Federal Rules of Civil Procedure 8 and

10.  Plaintiff must caption the Complaint with the names of the parties and the title of the document.  Fed. R. Civ. P. 10(a).  Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated by defendant in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff must provide a "short and plain statement" of:  (1) the grounds for the court's jurisdiction, (2) the claim showing that plaintiff is entitled to relief, and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Further, in the body of the Complaint, plaintiff should clearly describe <u>how</u> <u>defendant</u> is involved in the alleged claim or claims.  Plaintiff must provide support in the statement of facts for the claimed violations.  More than conclusory and vague allegations are required to state a cause of action.  Plaintiff is reminded that his *pro se* status does not free him from the requirements of the Federal Rules of Civil Procedure, including for service of process on defendants, which Rules plaintiff is directed to consult before filing the Complaint.

Accordingly, it is now

**ORDERED**:

1.  The "Complaint" is **dismissed** without prejudice for lack of subject-matter jurisdiction and for failure to state a claim.

2.  The Clerk is directed to provide plaintiff a blank Civil Rights Complaint Form, pre-marked as "Amended Complaint" and a form Motion and Affidavit of Indigence to proceed *in forma pauperis*.

3. Plaintiff may file an Amended Complaint within **TWENTY-ONE (21) DAYS** of this Order if he wishes to proceed on a civil cause of action along with the $350.00 filing fee or completed forms to proceed as an indigent plaintiff.

4. If plaintiff fails to file an Amended Complaint within the time provided, the case will be closed **without further notice**.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of April, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Plaintiff