UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY M. LANZETTA,

                Plaintiff,

vs.                        Case No.  2:13-cv-276-FtM-29DNF

MONICA M. WOODMANSEE, C.F.C.A, and
KIM JONES, C.F.C.A., Chief Deputy
Tax Collector,

                Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. #14) filed on June 27, 2013. Plaintiff filed a Motion to Strike Defendants' Motion to Dismiss (Doc. #15) on August 20, 2013. The Court denied the Motion to Strike, but granted plaintiff leave to file a response to defendants' Motion to Dismiss. (Doc. #16.) No response has been filed and the time for doing so has lapsed.

**I.**

Plaintiff Anthony Lanzetta filed Violation Warning Denial of Rights Under Color of Law forms (Doc. #1) on April 8, 2013. The Court construed the forms as a "Complaint" and dismissed them for lack of subject matter jurisdiction and for failure to state a claim. (Doc. #3.) Plaintiff filed an Amended Civil Rights Complaint (Doc. #4) on May 6, 2013.

The complaint alleges that plaintiff visited the Charlotte County Tax Collector's Office to renew his driver's license on March 14, 2013. Plaintiff brought the required documentation, but refused to present it when asked. Defendant Monica Woodmansee, a supervisor at the office, told plaintiff that he could not renew his license unless he presented his papers. Plaintiff chose not to disclose his "papers" and left without renewing his license. The following day, plaintiff went to see the tax collector to renew his motorcycle tags. Plaintiff was greeted by defendant Kim Jones, who stated that he could not renew his license unless he provided the required documentation.

Plaintiff contends that the mandatory disclosure of personal papers during the renewal of a driver's license violates the Fourth Amendment and requests that defendants be criminally prosecuted pursuant to 18 U.S.C. § 242.[1] The complaint also appears to allege a violation of the Privacy Act of 1974. Defendants assert that plaintiff has failed to state a claim under any theory and that they are entitled to qualified immunity.

## II.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim

---

[1]Plaintiff sought criminal prosecution of defendants in his first complaint, but the Court stated that it cannot direct or compel the federal prosecution of a case. (Doc. #3, pp. 2-3.) Therefore, plaintiff's renewed request for criminal prosecution will be dismissed.

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive dismissal, 'the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed.'" James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (quoting Twombly, 550 U.S. at 555-56). A claim is plausible when the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556; Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

## III.

The Fourth Amendment states that "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. After reviewing the complaint, the Court

concludes that plaintiff has failed to sufficiently allege that the disclosure of his information constitutes an unreasonable search or an unreasonable seizure.

A search violates the Fourth Amendment "when government officers violate a person's 'reasonable expectation of privacy.'" United States v. Jones, 132 S. Ct. 945, 950 (2012) (quoting Katz v. United States, 389 U.S. 347, 360 (1967)). In determining whether an individual has an expectation of privacy, the Court asks whether the individual exhibited a subjective expectation to privacy and whether that subjective expectation is one that society is prepared to recognize as reasonable. United States v. Young, 350 F.3d 1302, 1307 (11th Cir. 2003) (citing Katz, 389 U.S. at 361 (Harlan, J., concurring)). Thus, the privacy consideration requires both a subjective and an objective determination.

The Fourth Amendment protects people against the unreasonable seizure of their person and personal property. A person is seized under the Fourth Amendment "when, by means of physical force or a show of authority, his freedom of movement is restrained such that, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. House, 684 F.3d 1173, 1199 (11th Cir. 2012) (quoting United States v. Mendenhall, 446 U.S. 544, 553-54 (1980) (internal quotation marks omitted)). A seizure of personal property occurs when "there is some meaningful interference with an

individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113 (1984). See also United States v. Virden, 488 F.3d 1317, 1321 (11th Cir. 2007).

Here, plaintiff has failed to allege that he was or would be searched or seized within the meaning of the Fourth Amendment. According to the complaint, plaintiff voluntarily sought to renew his driver's license, but declined to present his "papers." "A driver's license is a privilege, not a right, and the state may strictly regulate that privilege." State v. Hoch, 500 So. 2d 597, 601 (Fla. 3d DCA 1986). In order to obtain a driver's license in Florida, the applicant must provide his or her full name, gender, proof of a social security card number, county of residence, mailing address, proof of residential address, country of birth, proof of birth date, and proof of identity. Fla. Stat. § 322.08(2). Plaintiff does not allege facts which show that defendants violated his expectation to privacy by conducting an unreasonable search. Instead, plaintiff alleges that the disclosure of his "papers" was requested and that he voluntarily declined to present them. Therefore, plaintiff has failed to allege that a search within the meaning of the Fourth Amendment occurred.

Plaintiff has also failed to allege a seizure. Plaintiff does not allege that his freedom of movement was or will be restrained in any way or that there was or will be meaningful interference

with his personal property.  Accordingly, plaintiff has failed to state a claim under the Fourth Amendment.

## IV.

An individual may pursue enforcement of his privacy rights under Section 7 of the Privacy Act of 1974 pursuant to 42 U.S.C. § 1983.  <u>Schwier v. Cox</u>, 340 F.3d 1284, 1292 (11th Cir. 2003).  Under Section 7(a)(1), it is unlawful for any agency to deny an "individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number."  Privacy Act of 1974, Pub. L. No. 93-579, § 7, 88 Stat 1896 (1974).  However, Section 7(a)(2) provides for an exception to the general rule if the disclosure is required by federal law.  <u>Id.</u>  Assuming plaintiff's "papers" included his social security account number, such a disclosure would not violate § 7 of the Privacy Act of 1974 because the disclosure is mandated by federal law.  The Real ID Act of 2005 provides that a state shall require the presentation and verification of certain information before issuing a driver's license or identification card.  Real ID Act of 2005, Pub. L. 109-13, § 202(c), 119 Stat 231 (2005).  Among the information required is "[p]roof of the person's social security account number or verification that the person is not eligible for a social security account number."  <u>Id.</u> at § 202(c)(1)(C).  Therefore, plaintiff has failed to allege a violation of the Privacy Act of 1974.  Because plaintiff has failed

to state a claim upon which relief may be granted, the Court need not address qualified immunity.

Accordingly, it is now

**ORDERED**:

1.   Defendants' Motion to Dismiss (Doc. #14) is **GRANTED**. Plaintiff's Amended Civil Rights Complaint is **DISMISSED WITHOUT PREJUDICE**.

2.   The Clerk is directed to close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of December, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record
Pro se plaintiff